**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID R. MILLER,**

    **Petitioner,**

v.                                      **Case No. 4:23cv517-WS/MAF**

**RICKY D. DIXON, Secretary,
Florida Department of Corrections,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On November 30, 2023, Petitioner David R. Miller, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 19, 2024, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 7. Petitioner has filed a reply. ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner David R. Miller challenges his conviction and sentence from the Third Judicial Circuit, Madison County, Florida, following his entry of a guilty plea in case number 1992-CF-0073. ECF No. 1 at 1-2; *see* ECF No. 7 at 2. In particular, on May 7, 1992, the State of Florida charged Miller with two counts in connection with the death of Beatrice Parker Cobb on or about April 18, 1992: (1) murder in the first degree (premeditated), in violation of section 782.04(1)(a), Florida Statutes (1991); and (2) tampering with physical evidence, in violation of section 773.03, Florida Statutes (1991). Ex. A (Indictment).[1] Prior to trial, in exchange for Miller's guilty plea, the prosecutor agreed to nolle prosse Count 2 and reduce the charge in Count 1 to murder in the second degree, a lesser included offense and a first degree felony punishable by life in prison, in violation of section 782.04(2), Florida Statutes (1991). Ex. C. The prosecutor also agreed to recommend a life sentence, with a three-year minimum mandatory for the use of a firearm. *Id*.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 7.

Case No. 4:23cv517-WS/MAF

The plea form indicates Miller "agree[d] to life sentence although a guideline departure." *Id*. On September 15, 1992, the state trial court sentenced Miller, in accordance with the plea agreement, to life in prison without parole, with a three-year minimum mandatory. Ex. D. Miller did not appeal.

On September 11, 2012, Miller filed his first post-conviction motion, pro se, in the state trial court, citing Miller v. Alabama, 132 S. Ct. 2455 (2012), and asserting his life sentence without the possibility of parole, for second degree murder, violated the Eight Amendment's prohibition on cruel and unusual punishment. Ex. E. In an order rendered June 6, 2013, the state court denied relief, explaining, among other things, the Florida Supreme Court held that the Miller decision should not be applied retroactively and "[a]s such, the Defendant's Rule 3.850 motion is procedurally barred as there is no timeliness exception that renders the claim timely." Ex. F at 2. The court further explained:

> Notably, the legal precedents established in Miller, Graham [v. Florida, 130 S. Ct. 2011 (2010)], and Roper [v. Simmons, 125 S. Ct. 1183 (2005),] implicate the rights of juveniles who commit criminal offenses. In the instant case, the Defendant committed the criminal offense when he was over 18 years of age (the Defendant's date of birth is October 29, 1973, and he committed the criminal offense on April 18, 1992). The Defendant was not a juvenile when he committed the offense, and as such, Miller, Graham, and Roper are inapplicable to his case. Therefore, any issue regarding the retroactivity of Miller and Graham is moot as it relates to the Defendant's allegations.

*Id*. at 2-3 (footnote omitted).  The court found Miller's motion procedurally barred as untimely and denied relief.  *Id*. at 3.  Miller did not appeal.

On October 7, 2014, through counsel, Miller filed a Motion to Correct Illegal Sentence, citing <u>McDuffie v. State</u>, 946 So. 2d 99 (Fla. 2d DCA 2006), and alleging his life sentence exceeded the statutory maximum.  Ex. G.  He also asserted his sentence was illegal because no scoresheet had been prepared.  *Id*.  After receiving a response from the State, the trial court denied the motion in an order rendered May 26, 2015.  Ex. H.  Regarding the <u>McDuffie</u> argument, the court explained:

> As to the first allegation, the Defendant relies on the factual scenario and holding in <u>McDuffie</u> . . . for the proposition that the statutory maximum for a life felony at the time the Defendant committed his offense was forty years.  The Defendant's reliance on <u>McDuffie</u> is misplaced.  In <u>McDuffie</u>, the defendant entered a plea agreement wherein he pled no contest to Second Degree Murder with a firearm, a violation of sections 782.04(2) and 775.087, Florida Statutes (1991).  Thereafter, the trial court in <u>McDuffie</u> sentenced the Defendant to a negotiated, stipulated upward departure of forty-five years in prison.
>
> Notably, in <u>McDuffie</u>, the firearm provision of section 775.087 enhanced the offense of Second Degree Murder from a first degree felony to a life felony.  <u>McDuffie</u>, 946 So. 2d at 100.  Pursuant to section 775.082(3)(a), Florida Statutes (1991), a person convicted of a life felony could be sentenced to "a term of imprisonment for life or by a term of imprisonment not exceeding 40 years."  *Id*. (emphasis added).  Since the trial court in <u>McDuffie</u> sentenced the defendant to a term of years that exceeded 40 years, the Second District Court of Appeal held that the sentence was illegal.  The Second District Court of Appeal

> did not rule that imposition of a life sentence for a life felony amounted to an illegal sentence.
>
> In the instant case, the Defendant asserts he entered a plea similar to the plea entered by the defendant in McDuffie. However, the sentence imposed on the Defendant was a life sentence and not a term of years as the sentence imposed on the defendant in McDuffie. Case law clearly establishes that punishment for a life felony pursuant to section 775.082(3)(a), Florida Statutes (1991), could consist of either a life sentence or a sentence of a term of years not exceeding forty years. *See* Ward v. State, 558 So. 2d 166, 167 (Fla. 1st DCA 1990) . . . ; Franke v. State, 997 So. 2d 424 (Fla. 2d DCA 2008); Stephens v. State, 627 So. 2d 543 (Fla. 2d DCA 1993). Thus, in the Defendant's case the parties agreed that in exchange for his plea of guilty, the Defendant would serve a life sentence, and not [a] term of years, in prison. As such, the Defendant's sentence is legal pursuant to section 775.082(3)(a), Florida Statutes (1991).

*Id*. at 1-2. Regarding the scoresheet, the court found "the absence of a scoresheet at sentencing amounts to harmless error as the sentence imposed could have been imposed if a scoresheet would have been prepared, and as the Defendant's sentence was the product of a negotiated plea." *Id*. at 2; *see* Brooks v. State, 969 So. 2d 238, 243 (Fla. 2007); Hill v. State, 730 So. 2d 322, 323 (Fla. 1999).

Miller appealed, through counsel, the denial of his motion to correct illegal sentence to the First District Court of Appeal (First DCA), assigned case number 1D15-2928. Ex. I. On September 28, 2015, a panel of the First DCA per curiam affirmed the case without a written opinion. Ex. J; Miller v.

State, 174 So. 3d 998 (Fla. 1st DCA 2015) (table).  The mandate issued October 14, 2015.  Ex. J.

On August 2, 2016, through counsel, Miller filed another Motion to Correct Illegal Sentence pursuant to Rule 3.800(a).  Ex. K.  In this motion, Miller asserted his life sentence is illegal due to improper enhancement, because the indictment did not reference section 775.087, Florida Statutes, nor did it state he actually possessed a firearm or discharged a firearm during the commission of the felony, as required by section 775.087, and thus he was not on notice that his crime would be subject to enhancement under that statute.  *Id*.  After receiving a response from the State, the trial court denied the motion in an order rendered March 13, 2020.  Ex. L.  The court explained that "the Defendant's sentence of natural life in prison is a legal sentence without the need for enhancement pursuant to section 775.087, Florida Statutes."  *Id*. at 2.  Further, "even if enhancement had been necessary, the indictment charged the Defendant with 'murder[ing] Beatrice Parker Cobb . . . by shooting her with a firearm," and thus, "the indictment sufficiently alleged the Defendant used and discharged a firearm during the commission of the murder."  *Id*.

Miller appealed, through counsel, the denial of his Rule 3.800(a) to the First DCA, assigned case number 1D20-1252, and his counsel filed a brief

pursuant to Anders v. California, 386 U.S. 738 (1967), asserting no issues of arguable merit existed.  Ex. M.  On November 12, 2020, a panel of the First DCA, consisting of Judges Rowe, Osterhaus, and Long, per curiam affirmed the case without a written opinion.  Ex. O; Miller v. State, 306 So. 3d 70 (Fla. 1st DCA 2020) (table).  The mandate issued December 10, 2020.  Ex. O.

On January 22, 2021, Miller filed, pro se, another Motion to Correct Illegal Sentence, asserting the failure to allege an essential element of an offense in the indictment is fundamental error.  Ex. P.  In an order rendered November 20, 2021, the trial court dismissed the motion as successive, explaining Miller's "arguments were previously raised, rejected on the merits, and affirmed on appeal."  Ex. Q at 2.  Miller appealed to the First DCA and filed an initial brief in case number 1D21-3954.  Ex. R.  On July 11, 2022, a panel of the First DCA per curiam affirmed the case without a written opinion.  Ex. S; Miller v. State, 343 So. 3d 62 (Fla. 1st DCA 2022) (table).  The mandate issued August 9, 2022.  Ex. S.

As indicated above, on November 30, 2023, Miller filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On January 19, 2024, Respondent filed a motion to dismiss the petition as untimely, with exhibits.  ECF No. 7.  Petitioner has filed a reply.  ECF No. 10.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, the state trial court entered Miller's judgment and sentence on September 15, 1992, Ex. D, and Miller did not file a direct appeal. Accordingly, his conviction became final on October 15, 1992, when the time for filing a direct appeal expired. *See* Fla. R. App. P.

9.140(b)(3) (allowing thirty days to appeal from rendition of written order imposing sentence).

Because Miller's conviction was final before AEDPA's effective date, April 24, 1996, the one-year grace period for filing a § 2254 petition began to run on that date. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998); *see* Johnson v. United States, 544 U.S. 295, 299 (2005) (acknowledging federal courts of appeal have uniformly given "prisoners whose convictions became final before AEDPA a 1-year grace period running from the new statute's effective date"). Nothing indicates Miller filed anything between April 24, 1996, and April 24, 1997, when the one-year AEDPA limitations period expired. *See, e.g.,* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). Accordingly, anything he filed after April 24, 1997, could not toll the AEDPA limitations period as no time remained within that period. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534

...
...

U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). As a result, the § 2254 petition Miller filed November 30, 2023, is untimely.

In his reply to the motion to dismiss, Petitioner Miller asserts "his untimeliness should be excused because . . . the 'actual innocence' exception is available in a noncapital sentencing context." ECF No. 10 at 2. Miller "contends that the trial court violated his federal right to due process by failing to comply with the plain language of Section 775.087 when imposing the mandatory minimum term for the firearm enhancement and sentence enhancement for the Second degree murder conviction," and therefore, Miller "contends that he is actually, factually, facially and legally innocent of a firearm enhancement and sentence reclassification 'because the indictment . . . failed to put him on notice in order to invoke section 775.087(1)(b) and (2)(a), Florida Statutes (1991).'" *Id*. at 3. These assertions are similar to the statements Miller made regarding the "timeliness of his petition" on the petition form itself. *See* ECF No. 1 at 15. To the extent Miller thus argues his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in

McQuiggin v. Perkins, 569 U.S. 383 (2013), this argument should be rejected.

In McQuiggin, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even when the AEDPA time has expired. 569 U.S. at 386. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); *see* Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any equitable exceptions to the statutory bars on habeas petitions when the petitioner does not make a 'credible showing' of actual innocence" and the Court's "most recent decision on the matter, McQuiggin, reaffirmed that principle, holding that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner'"). "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324; *see* McQuiggin, 569 U.S. at 401 ("We stress once again that the Schlup standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316)).

In this case, Petitioner Miller did not proceed to a jury trial; rather, he entered a negotiated guilty plea. Ex. C. As indicated above, in exchange for Miller's guilty plea, the prosecutor agreed to nolle prosse Count 2 and reduce the charge in Count 1 to murder in the second degree, a lesser included offense and a first degree felony punishable by life in prison, in violation of section 782.04(2), Florida Statutes (1991). *Id*. The prosecutor also agreed to recommend a life sentence, with a three-year minimum mandatory for the use of a firearm. *Id*. The plea form specifically indicates Miller "agree[d] to life sentence although a guideline departure." *Id*. *See, e.g.,* Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant,

his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Moreover, Miller has not supported his claim that he is "actually innocent" with any new, reliable evidence, as required. *See, e.g.*, Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence" and "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial" (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998))). Nothing he points to or provides in his reply constitutes new information. *See* ECF No. 10.

Indeed, the argument Miller raises concerning the alleged deficiency of the indictment is the same argument he raised in a Rule 3.800(a) motion in the state trial court. *See* Ex. L. That court denied relief, explaining that "the Defendant's sentence of natural life in prison is a legal sentence without the need for enhancement pursuant to section 775.087, Florida Statutes."

*Id*. at 2.  Further, "even if enhancement had been necessary, the indictment charged the Defendant with 'murder[ing] Beatrice Parker Cobb . . . by shooting her with a firearm," and thus, "the indictment sufficiently alleged the Defendant used and discharged a firearm during the commission of the murder."  *Id*.  The state trial court thus rejected Miller's argument concerning the indictment and found his life sentence constituted a legal sentence.  Miller appealed and his counsel filed an Anders brief.  Ex. M.  The First DCA per curiam affirmed the case without a written opinion.  Ex. O; Miller v. State, 306 So. 3d 70 (Fla. 1st DCA 2020) (table).  The First DCA's summary affirmance is entitled to deference under 28 U.S.C. § 2254(d).

Based on the foregoing, because Miller has not supported his claim that he is "actually innocent" with any new reliable evidence as required, he has not opened the "gateway" described in McQuiggin and other cases, such that his § 2254 claims may be considered on the merits.  His § 2254 petition should be dismissed as untimely.

## Conclusion

The § 2254 petition is untimely and Petitioner Miller has not demonstrated entitlement to any exception to the one-year AEDPA limitations period.  Therefore, it is respectfully **RECOMMENDED** that

Case No. 4:23cv517-WS/MAF

Respondent's motion to dismiss, ECF No. 7, be **GRANTED**, and Petitioner Miller's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed,

the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 7) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**